James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

STATE OF MISSOURI, Defendant.

Civ. A. No. 19033-2.

United States District Court, W. D. Missouri, W. D.

April 18, 1972.

Peter G. Nash, Solicitor of Labor, U. S. Dept. of Labor, Harper Barnes, Regional Atty., T. A. Housh, Jr., Kansas City, Mo., for plaintiff.

John C. Danforth, Atty. Gen. of Missouri, Charles A. Blackmar and Peter H. Ruger, Asst. Attys. Gen., for defendant.

MEMORANDUM OPINION AND SUMMARY JUDGMENT

COLLINSON, District Judge.

In 1966 Congress amended the Fair Labor Standards Act to make its provisions concerning compensation for overtime applicable to employees of State schools and hospitals. The State of Missouri, admittedly, did not comply with the law in respect to its employees in state mental hospitals.

In 1968 the Supreme Court held the 1966 amendment constitutional in the case of Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020. One of the challenges to the Act in that case was the constitutionality of the provisions of the Act for recovery of unpaid overtime from the employer. The Court refused "to be drawn into an abstract discussion of the numerous complex issues that might arise in connection with the Act's various remedial provisions."

Sections 216 and 217 of Title 29, U.S.C.A., contain the remedial provisions for recovery of unpaid overtime compensation from the employer. Section 216(b) authorizes a suit by the employee or employees "in behalf of himself or themselves and other employees similarly situated" for the recovery of unpaid overtime compensation and an additional equal amount as liquidated damages. This section also allows the recovery of attorneys' fees.

Section 216(c) authorizes a suit by the Secretary of Labor (when a written request is filed by any employee) to recover unpaid overtime compensation for the employee, but no liquidated damages or attorneys' fees are allowed in this action.

Section 217 authorizes a suit to restrain "any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter. . . ." Section 211(a) of this title provides that suits brought under this provision shall be brought by the Secretary of Labor.

In 1970 certain employees of mental hospitals operated by the State of Missouri brought a class action against the State of Missouri under Section 216(b) for the recovery of unpaid overtime compensation. The District Court sustained a motion to dismiss the complaint on the ground that the suit was barred by the Eleventh Amendment. On appeal, a panel of the Court of Appeals, by a divided vote, reversed the District Court.

Meanwhile, this case was filed, before the decision of the Court of Appeals. Thereafter, a rehearing en banc was

**1190**

granted, and no action was taken in this case until the en banc decision was handed down.

The Court en banc affirmed the District Court and held that the employees' suit was barred under the doctrine of sovereign immunity and the prohibition of the Eleventh Amendment. Employees of Department of Public Health and Welfare, et al. v. Department of Public Health and Welfare, et al., 8 Cir., 452 F.2d 820 (1971).

This is a suit brought under the provisions of Section 217, seeking both an injunction restraining future violations of the Act, and an order restraining the defendant from the withholding of unpaid overtime compensation due employees for overtime worked in the past.

The plaintiff filed a motion for a partial summary judgment, to which the defendant filed a response, conceding there were no factual issues to be determined, and praying for a summary judgment in favor of defendant. In these motions and suggestions the plaintiff conceded that the State of Missouri is now operating in full compliance with the Act, and the defendant conceded that the applicable statute of limitations makes the proper recovery period (without conceding that any recovery can be awarded) the two-year period immediately preceding January 27, 1971, the date of the filing of this action.

As to the unpaid overtime wages, the plaintiff seeks a partial summary judgment finding that the defendant is liable for the payments, establishing a procedure for the computation of the amounts due, and restraining the defendant from withholding payment of the amounts so computed from the employees entitled to them.

The defendant argues, first, that since it is admittedly now operating in full compliance with the Act, the Court should, in the exercise of sound discretion, deny injunctive relief as to future violations. The Court of Appeals of this Circuit in the case of McComb v. Wyandotte Furniture Co., 169 F.2d 766 (8th

Cir., 1948), held that if the trial court "soundly is convinced from the situation that there is no reasonable probability of a recurrence of the acts" an injunction forbidding future violations may be properly denied. The Court is so convinced in this case, and the injunction restraining future violations will be denied.

The defendant contends, as to past due amounts, that the sovereign immunity of the State prevents the recovery, for the employees, of these sums by the injunctive remedy sought in this action. Basically, this argument is that since the State is immune from suits by employees to collect unpaid overtime compensation, the Secretary of Labor cannot maintain a suit to accomplish indirectly, by injunctive relief, the recovery of the same sums. There is, of course, considerable logic in this contention.

However, this Court believes that the majority opinion in Employees of Department of Public Health and Welfare, et al. v. Department of Public Health and Welfare, et al., *supra*, directly authorizes the maintenance of this action for such injunctive relief. In that case the Court held that the waiver of immunity doctrine enunciated in Parden v. Terminal Ry. of Alabama etc., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233, was not applicable to a suit by an employee under the FELA because the *Parden* case differed from the FELA case in four respects.

The first distinguishing fact was that in the *Parden* case the employee would have no remedy if the doctrine of sovereign immunity was applied, whereas the refusal to allow a suit in the FELA case under Section 216(b) did not leave the employee without a remedy. The Court said:

"The Wirtz Court specifically recognized that remedies other than those provided in § 216(b) are available. Such remedies are provided for in the form of actions by the Secretary under §§ 216(c) and 217."

This Court believes that the above-quoted language can only mean one thing. The Secretary can maintain this action under Section 217, or otherwise the employees' suit under Section 216(b) could not be distinguished from the *Parden* case on that particular point.

In further support of this conclusion, it is interesting to note that the index of the brief filed by the State in that suit by the employees contains but one statement under the heading "Argument", as follows:

"The Fair Labor Standards Act, as amended, should be construed so as to preserve the sovereign immunity of the state under the Eleventh Amendment; and such a construction may be based on a determination that only the United States, acting through the Secretary of Labor, may sue the state with respect to violations of the Act."

■ This Court is not invoking any doctrine of estoppel against the defendant based on statements in a brief, but believes it is clear from the opinion of our Court of Appeals that the Secretary may maintain this action under Section 217.

It is therefore

Ordered that defendant compute from its records overtime compensation due the employees of its mental hospitals for the period covered by the statute of limitations, that is, January 27, 1969 to July 1, 1971, at which date it is conceded defendant commenced complying with the overtime provisions of the Act; that said computations and the records upon which they are based be submitted to a designated representative of plaintiff for checking as to the accuracy and method of said computations; that the parties thereafter attempt to agree on the accuracy and a method of payment of the unpaid overtime compensation and thereafter any such agreement shall be submitted to the Court for its final approval. It is further

Ordered that should the parties fail to agree on all or any part of the amounts or method of payment of unpaid over-time compensation, they shall so report to the Court, at which time further hearings will be held on the amount and method of payment of any unpaid overtime compensation not agreed to by the parties. The Court reserves jurisdiction herein to hold further hearings and enter any further orders which may be necessary and appropriate to effectuate the provisions of this order or to finally adjudicate any issues not resolved in this order for partial summary judgment.